# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANA LARRIEUX,

    Plaintiff,

v.                                                            Case No. 3:18-cv-861-J-32PDB

OLD DOMINION FREIGHT LINE, INC.,

    Defendant.

## **O R D E R**

This personal injury case came before the Court for a final pretrial conference and hearing on pending motions on February 20, 2020, the record of which is incorporated by reference. The Court ruled on most of the motions from the bench and those rulings are recounted below.[1] The Court took under advisement plaintiff's motion to limit or exclude defendant's medical billing expert, Jeremy Reimer (Doc. 21).

Under the familiar Daubert[2] standard for evaluating expert testimony under Federal Rule of Evidence 703, the Court serves as a gatekeeper to exclude

---

[1] The parties will note that the Court has shaved a week off two of the deadlines established at the hearing. The additional discovery discussed at the hearing must now be completed by **April 17, 2020**, and any further matters needing the Court's attention must be filed by **May 1, 2020**.

[2] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

challenged expert testimony unless the expert's proponent demonstrates that the expert is qualified to competently testify on the subject, the expert's method is sufficiently reliable, and the testimony will assist the trier of fact to understand the evidence or determine a fact in issue. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003) (citing Daubert).

Reimer, who is certified in professional medical coding and billing and is a member of the American Academy of Professional Coders, has analyzed plaintiff's medical bills related to this case. Defendant seeks to admit his testimony to demonstrate that the medical procedures were not correctly billed, and that the bills far exceed the usual, customary and reasonable charges for the services rendered. Reimer will not testify as to the need for or reasonableness of plaintiff's treatment. [3]

In her motion, plaintiff does not raise any real challenge to Reimer's qualifications to review, understand, and analyze medical bills and indeed, his CV reveals he has significant education, training and experience in the field of medical billing and coding. Nor does plaintiff seriously challenge Reimer's methodology as it relates to his analysis of whether procedures were properly

---

[3] As the Court announced from the bench, Reimer may not offer opinions as to the ethics of rendering medical services under a letter of protection as they are beyond his area of expertise.

billed (such as the unbundling of services or upcoding), testimony the Court finds would be helpful to the jury in assessing the reasonableness of Larrieux's medical expenses, and which it will allow.

Instead, the crux of plaintiff's challenge is to the methodology and helpfulness of Reimer's opinions that Larrieux's medical bills exceed the usual, customary and reasonable charges for the services rendered. To calculate the reasonable charges for various services, Reimer relies on benchmarks from the "resource-based relative value scale," which, according to Reimer, is a recognized "physician payment system used and endorsed by the American Medical Association, the U.S. Department of Health and Human Services, and most other medical providers." Doc. 31, Ex. D at ¶¶ 23-24. Although plaintiff argues this scale is not applicable to self-pay or uninsured patients, she offers no evidence of that and Reimer, who plaintiff did not depose, states to the contrary in his report. See Doc. 21, Ex. A at 2. Reimer's opinions are also based on his professional experience, which includes review of "thousands of claim forms, medical billing statements, and medical records from all part[s] of Florida, including North and Central Florida" through which he has "become familiar with rates charged by medical providers in Central Florida for their medical services." Doc. 31, Ex. D at ¶ 20. The Court rejects plaintiff's argument that Reimer's methodology for determining the reasonableness of

3

medical billing in this case is unsound.[4]

The question of the helpfulness of Reimer's testimony on this issue is a closer call. While some courts have excluded medical billing code expert testimony on the grounds that it will not help the jury to determine a fact in issue, or that it will cause undue confusion, other courts have found it to be probative of the reasonableness of plaintiff's medical expenses. Compare Maluff v. Sam's East, Inc., No. 17-60264-CIV-MORENO, 2017 WL 5290879, *2 (S.D. Fla. Nov. 9, 2017) (granting Daubert motion to exclude billing expert whose testimony would not assist the jury), with State Farm Mut. Auto. Ins. Co. v. Bowling, 81 So. 3d 538 (Fla. 2d DCA 2012) (remanding for new trial on damages where trial court erred in excluding billing code expert who opined that she found "extreme abuse" in charges submitted for plaintiff's medical treatment).

Without knowing what evidence will come in during the plaintiff's case-in-chief, the Court is unwilling to say that Reimer's opinions as to the reasonableness of plaintiff's medical expenses will be unhelpful or will cause confusion or prejudice. As defendant points out, it cannot be that whatever

---

[4] This case is therefore distinguishable from some cited by plaintiff where the purported billing expert lacked the necessary knowledge to competently testify. See, e.g., Castellanos v. Target Corp., 568 F. App'x 886 (11th Cir. 2014) (finding district court did not abuse discretion in excluding expert who lacked knowledge of background and underpinnings of information upon which she relied).

4

plaintiff's medical providers charge is ipso facto reasonable. Thus, the Court will reserve ruling on whether Reimer may testify that plaintiff's medical bills exceed the usual, customary and reasonable charges for the services rendered. If plaintiff's medical providers are unable to explain the basis for their charges, or if their testimony appears ripe for impeachment, the Court will be inclined to permit testimony from Reimer as to the reasonableness of those bills.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Exclude or Limit the Testimony of Defendant's Billing Code Expert Jeremy Reimer (Doc. 21) is **granted** in part and **denied** in part as stated above.

2. Defendant's Motion to Exclude any Expert Testimony, Including But Not Limited to, From Plaintiff's Treating Physicians and Healthcare Providers (Doc. 19) is **denied** to the extent that the Court will allow plaintiff's treating physicians to testify despite the tardy Rule 26(a)(2)(C) disclosures; as to the treaters' testimony with regard to causation, plaintiff shall secure more complete causation opinions in writing from Dr. Christina Ruiz and/or Dr. Henry Moreno if they intend to testify as to causation, and must do so in time for defendant to depose either of them if it wishes before **April 17, 2020**;[5]

---

[5] While not precluding defendant from filing a further motion to challenge the treaters' testimony (no later than **May 1, 2020**), the Court

however, any causation testimony from the treaters must relate to their treatment of Larrieux or their decision-making process with regard to her treatment.

3. Plaintiff's Motion to Exclude the Testimonies of Donald J. Fournier, Jr., P.E., and Steven Mitchell, P.E. (Doc. 22) is **moot** as to Donald Fournier, as defendant represents it does not intend to call him to testify; and is **denied** as to Steven Mitchell as stated on the record.[6]

4. Plaintiff's Motion to Exclude or Limit the Testimony of Ying Lu, Ph.D. (Doc. 23) is **denied** for the reasons stated on the record.

---

assumes appropriate cross-examination and contrary evidence would be sufficient recourse.

Although not argued at the hearing, defendant also moved to exclude any testimony from the treaters on engineering or biomechanical issues on the grounds that such testimony is outside their area of expertise. The Court agrees with that general principle, but would permit the treaters to testify consistent with their treatment notes, which testimony is subject to cross-examination.

Plaintiff represented at the hearing that she no longer intends to call Dr. Chris Tomaselli to testify so the motion as to his testimony is moot.

[6] Mitchell will issue an amended report based on the information received from PeopleNet regarding the Old Dominion trailer that PeopleNet states was in the area (and must do so in time for plaintiff to depose him if she wishes by **April 17, 2020**). The relevance of some of Mitchell's opinions (and their admissibility) is contingent on their application to the type of Old Dominion trailer that PeopleNet reports was present in the area. The parties shall bring any dispute to the Court's attention no later than **May 1, 2020**.

Additionally, as discussed on the record, the relevance (and, therefore, the admissibility) of Mitchell's opinion regarding whether a crank could have hit Larrieux's vehicle is contingent on the testimony of Larrieux.

6

5. Defendant's Motion to Bifurcate Trial on the Issues of Liability and Damages (Doc. 42) is **denied** for the reasons stated on the record.

6. No later than **March 12, 2020**, the parties shall advise the Court whether their clients consent to having the Magistrate Judge pick the jury. Upon review of that filing, the Court will then issue a separate trial order, to include a **May 1, 2020** filing deadline for amended exhibit lists and any other motions, and scheduling the case for trial the week of **May 26, 2020** (with jury selection to be scheduled for the preceding Friday, **May 22, 2020**).

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record